UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-225 (DLF) |
| | ) | |
| **TRENISS JEWELL EVANS III,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW AND FACTS IN SUPPORT OF
DEFENDANT'S MOTION TO SEAL CERTAIN FILINGS**

Following Mr. Evans' arrest in early 2021, Mr. Evans obtained counsel, Robbie Ward and Samantha Janicek, who arranged for a confidential proffer between Mr. Evans and the officials with the Justice Department. Mr. Evans was assured that his statements would be kept strictly confidential thereafter. During these exchanges, Mr. Evans discussed a known organized crime figure who met Mr. Evans on Jan. 5, 2021 and briefly exchanged communications with Mr. Evans during the chaotic period between January 5, 2021 and February 2021.

The government disclosed content regarding this private confidential correspondence in its "Supplemental Sentencing Memorandum". *See* Dkt. No. 44. The Memorandum stated, "1. Evans provided information about a named subject who, according to Evans, requested Evans's assistance on or about January 5, 2021, in procuring ammunition for an attempt to take over the Michigan State Capitol. The named subject had previously been identified in media and court documents in relation to alleged criminal conduct predating January 6, 2021. Law enforcement

officials investigated the lead that Evans provided but were unable to substantiate it." *Id.*

The individual described is a known organized crime figure with a felony criminal record for explosive-related charges. The individual seems to be potentially connected to mafia and other crime figures throughout the United States.

I. **GROUNDS FOR SEALING DOCKET NO. 44**

In this case, the document in question, (1) exposes Mr. Evans and his family to potential harm or danger, given that Mr. Evans helped provide the government with information regarding a known felon and organized crime figure who was purportedly preparing to arrange transport of munitions to state capitols in support of efforts to shut down those state capitols (especially the Michigan State Capitol), and (2) provides little public value, as demonstrated by the DOJ's ultimate determination not to initiate any known civil or criminal prosecution. Additionally, the information referenced in Docket No. 44 was obtained from confidential proffer meetings in which Mr. Evans was assured that the information would be forever sealed and private.

Moreover, the information contained in Docket No. 44 is not material to the merits of this case. c.f., *The Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).

Unfortunately, Docket No. 44 has already attracted social media attention. *See* attached May 20 tweet by CBS journalist Scott MacFarlane, as Exhibit A.

II.     **STANDARDS FOR SEALING IN THE D.C. CIRCUIT**

Court filings are presumed open, accessible and publicly viewable under the First and Sixth Amendments. *See Washington Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991). The D.C. Circuit has consistently employed a multi-factor balancing test when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied here, that test weighs in favor of sealing Docket No. 44.

There is a 'strong presumption in favor of public access' to court records. *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). However, "that presumption may be outweighed by competing interests." *Id*. To weigh those competing interests, the D.C. Circuit uses the six-factor "Hubbard test."

Thus, in this jurisdiction, "when a court is presented with a motion to seal or unseal, it should weigh: '(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

The requisite balancing under this six-factor test weighs in favor of sealing Docket No. 44. As to the need for public access, this first factor does not weigh in favor of public access for many of the reasons discussed by the D.C. Circuit in

*Hubbard* itself. Docket No. 44 does not pertain to evidence of guilt or innocence in a trial[.]" *Hubbard*, 650 F.2d at 317. Moreover, "[t]he public in this case [will have] access, inter alia, to the courtroom proceedings . . . , to the memoranda filed by the parties . . . , [and] to the trial judge's memorandum decision[.]" *Id*. at 317-18.

The public thus has minimal need to take the additional step of copying and reproducing the document. *See generally CNN, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021) ("A district court weighing the first factor should consider the public's need to access the information that remains sealed, not the public's need for other information sought in the overall lawsuit.").

As for the second factor—the extent of previous public access—there is the May 20 thread on the Twitter account of journalist Scott MacFarlane with 13 comments, 323 retweets and 671 likes.

With regard to the third factor, the fact that the defendant has objected to public dissemination of the information and wants it sealed weighs against disclosure. *See Nat'l Children's Ctr.*, 98 F.3d at 1410 (finding that "the fact that the Center has objected" weighed against public disclosure); *Hubbard*, 650 F.2d at 319 ("the strength with which a party asserts its interests is a significant indication of the importance of those rights to that party").

Note that Francesco Valentini, Assistant US Attorney, Appellate Section, Criminal Division, telephone (202) 598-2337, has communicated that he does not object to the sealing of the document in question.

Significantly, the fourth, fifth and sixth factors weigh heavily in favor of sealing. As noted at the outset, the revelations were presumed confidential and their dissemination exposes the defendant and his family to significant anxiety and even danger. Likewise, the public's right to the information about uncharged participants in unrelated matters is extremely limited. The public is not prejudiced by withholding such information. The matter before the Court at Mr. Evans' sentencing hearing did not turn on such unrelated information regarding uncharged individuals.

### III. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that Docket No. 44 be placed under seal.

Dated: June 7, 2022

/s/ John M. Pierce
John M. Pierce
21550 Oxnard Street
3d Floor, PMB#172
Woodland Hills, CA 91367
Tel: (213) 279-7846
Email: jpierce@johnpiercelaw.com

*Attorneys for Defendant Treniss Jewells Evans III*