# MEMORANDUM IN SUPPORT OF DEFENDANT EVANS'S MOTION TO



### A.   BACKGROUND

1.     On May 16, 2022 the Government filed its Sentencing Memorandum, with 23 exhibits and video exhibits. (ECF Doc. 40-41).



4.     On May 20, 2022, the government then supplemented its Sentencing Memorandum. (Doc. Ent. 44).

5.







██   ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████

**B. LAW AND ARGUMENT**

"The first amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287 (U.S. Court of App., District of Columbia, 1991) (*citing Globe Newspaper Co.*, 457 U.S. at 606–07, 102 S.Ct. at 2620; *see also Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1985)).

█   ████████████████████████████████████████████

███████████████████████████████████████████████████████████

In *Washington Post*, a Magistrate Judge stated that certain documents should be sealed because such "disclose the fact of defendant's agreement to cooperate in the ongoing criminal investigation." *Washington Post*, at 285. The Magistrate found on such facts "that risk of injury to [defendant] was a sufficiently compelling reason to justify sealing the plea agreement. . .". *Id.* Overall, the Magistrate Judge found "that sealing the plea agreement was justified because disclosure could jeopardize the ongoing criminal investigation and, specifically, [defendants] willingness to cooperate." *Id.*

More importantly, the Magistrate Judge's Order also stated that "[b]ecause some portions of the plea agreement have either already been made public, or they do not contain information which implicates the governmental interests at stake, an order sealing the entire agreement is broader than necessary to protect the Government's interests in this case." *Id.* at 286.

The *Washington Post* Court highlights other vital points, such as "the government's interest lies in keeping the fact of defendant's cooperation confidential". *Id.* Additionally, the *Post* highlights how "[an] order sealing a plea agreement based upon the defendant's cooperation in an independent criminal investigation is admittedly different from an order restraining access to a criminal proceeding." *Id.* at 287.

Specifically, a criminal proceeding typically last for a short or specific duration, whereas a separate tip, or investigation involving matters completely outside the scope of the criminal case, "might continue for a much longer time, indeed until the statute of limitations for the underlying offense expires." *Id.*

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██      ███████████████████████████████████████████████
        ████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████ *See United States v. Thornton*, 733 F.2d 121 (Court of

App., Dist. of Columbia, 1984). For example, "[t]o sustain the invocation of the fifth

amendment privilege, the district judge must determine only whether there is a

reasonable basis for believing a danger to the witness ***might* exist** in answering a

particular question. . .". *Id.*

███████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████            ████████████████████
███████████████████████            ████████████████████

███████████████████████████████████████████████

a court's balancing equation . . . . The job of protecting such interests rests heavily with the trial judge, since all the parties who may be harmed by disclosure are typically not before the court."  *See Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79-80 (2d Cir. 1990) (*quoting* New York Times I, 828 F.2d at 116 (*quoting Waller v. Georgia*, 467 U.S. 39, 48, 104 S.Ct. 2210, 2216, 81 L.Ed.2d 31 (1984)).

As the Supreme Court noted in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), courts have the power to insure that their records are not "used to gratify private spite or promote public scandal" through the public use filings.  *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598, (1978) (*quoting In re Caswell*, 18 R.I. 835, 836, 29 A. 259 (1893) *Accord, e. g., C. v. C.*, 320 A.2d 717, 723, 727 (Del.1974);  *See also King v. King*, 25 Wyo. 275, 168 P. 730 (1917)).

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████

**WHEREFORE**, Defendant, TRENISS JEWELL EVANS III respectfully requests this Honorable Court to grant this motion ████████████████████

███████████████, and for such other and further relief as this Honorable Court

deems just and proper.

Respectfully Submitted,


*/s/ Steven Alan Metcalf II*

_____

STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, 6ᵗʰFlr.
New York, NY 10016
(*Office*) 646.253.0514
(*Fax*) 646.219.2012

*Counsel for Defendant Treniss Jewell Evans III*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 29, 2022, this motion was filed via the Court's electronic filing system, and via email to AUSA Valentini, which constitutes service upon all counsel of record.

.

/s/ *Steven Alan Metcalf II*

_____

STEVEN A. METCALF II, ESQ.

*Counsel for Defendant Treniss Jewell Evans III*