**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 1:21-cr-225 (DLF)** |
| **v.** | : | |
| | : | |
| **TRENISS JEWELL EVANS III,** | : | **FILED UNDER SEAL** |
| | : | |
| **Defendant.** | : | |

<u>**GOVERNMENT'S STATEMENT**</u>
<u>**IN RESPONSE TO COURT'S REQUEST FOR SUPPLEMENTAL BRIEFING**</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Statement ███████████████████ ████████████████████████████████████████████████ on the following question: Assuming that ███████████████████████████████████ ████████████████ met the requirements for sealing as an original matter, does the Court have authority to order it sealed now that the document has been publicly available on the Court's docket for 40 days ███████████████████████████? *See* also Minute Order (June 8, 2022) (denying the defendant's motion to seal without prejudice and inviting "defendant [to] renew his motion if he provides authority that justifies sealing the document" despite prior public access). As explained below, the answer is yes.

In *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the D.C. Circuit identified six factors that govern motions to seal or unseal judicial records. *Id.* at 317-322; *see also In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (reiterating that "[t]he 'Hubbard* test has consistently served as our lodestar' for evaluating motions to seal or unseal judicial records 'because it ensures that we fully account for the various public and private interests at stake.'"

1

(quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017))).

Those factors, as distilled in subsequent D.C. Circuit decisions, are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*In re Leopold*, 964 F.3d at 1131 (quoting *MetLife*, 865 F.3d at 665).  Under the *Hubbard* test, a "seal may be maintained only 'if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires.'" *MetLife*, 865 F.3d at 665-666 (quoting *In re NBC*, 653 F.2d 609, 613 (D.C. Cir. 1981)).  Sealing decisions, moreover, are "best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

While previous public access is one "factor which *may* weigh in favor of subsequent access," *Hubbard*, 650 F.2d at 318 (emphasis added), *Hubbard* itself provides substantial authority for the proposition that, in appropriate cases, previous public access must yield to the other factors. *First*, and most obviously, *Hubbard* and subsequent cases make clear that the *Hubbard* factors are not a checklist of disqualifying requirements, all of which must be met.  To the contrary, they supply a "noncategorical balancing test," *Metlife*, 865 F.3d at 671; *see also e.g.*, *In re Leopold*, 964 F.3d at 1130 – a list of considerations to be "weigh[ed]" in the court's sound discretion. *Hamen v. Islamic Republic of Iran,* 318 F. Supp. 3d 194, 198 (D.D.C. 2018) (granting motion to seal where the court concluded that disclosure would put a witness's "safety … at risk," albeit in the absence of prior access (internal quotation marks omitted)).  As under any balancing test, then,

when the other *Hubbard* factors are sufficiently compelling, even a meaningful amount of prior public access cannot, without more, be dispositive.

*Second*, while *Hubbard* identified prior public access as a factor that may weigh in favor of continued access, *Hubbard* also carefully distinguished between different *types* of public access, to which it assigns markedly different analytical weight. *See Hubbard*, 650 F.2d at 318. On one hand, *Hubbard* reasoned, when materials were "formerly properly accessible," prior public access generally weighs in favor of continued access. *Id.* On the other hand, when materials are *im*properly accessible to the public, the disclosure should generally not "enter into a determination whether public access should now be permitted." *Id.* at 318 n.99. Thus, the *Hubbard* court expressly held that "the fact of access while [an] appeal" from a denial of sealing "is pending" should not factor into the *Hubbard* inquiry. *Id.* "To permit this mode of access to factor into a subsequent evaluation of the interests at stake," the court explained, "would only compound the errors" alleged to have been made in the original determination. *Id.* ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

Consistent with this reasoning, *Hubbard*'s disposition itself confirms that, when judicial records should not have been made public in the first place, even substantial periods of public access through the courts' public dockets are of limited, if any, significance. In *Hubbard*, the district court had ordered the disputed materials unsealed and then denied the interested parties' requests to stay the unsealing order. 650 F.2d at 295-296, 301. The court of appeals and the Supreme Court also denied requests to stay the unsealing. *Id.* at 301. And the D.C. Circuit issued

its opinion – which did stay the unsealing order – approximately five months after hearing oral argument.  *Id.* at 296, 325.  In other words, in *Hubbard* itself, the disputed materials appear to have remained publicly available on the district court's docket for several months as the sealing dispute made its way through the courts.  Still, the *Hubbard* court expressly declined to count that time against sealing and ultimately stayed the unsealing order pending further consideration of the relevant factors on remand.  *Id.* at 325.  Similarly, here, if the Court concludes that ██████████ ████████████████████████████████████ should have been sealed from the beginning, the fact that the document was publicly accessible for approximately 40 days should not, under *Hubbard*, by itself deprive this Court of authority to enter a sealing order at this point.

To be sure, *Hubbard* and this case differ in at least one noticeable respect.  In *Hubbard*, the party opposing unsealing objected within days and diligently sought relief in the district court, the court of appeals, and, at one point, the Supreme Court.  650 F.2d at 301 & n.19.  The *Hubbard* court found this "an obvious but important consideration" – albeit under a separate factor – because "[t]he kinds of property and privacy interests" that may "require retention of the documents under seal can be waived by failure to assert them in timely fashion."  *Id.* at 319.  In contrast, here, as this Court has already noted, the defendant waited 19 days before raising an objection.  *See* Minute Order (June 8, 2022).  ████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████████  And even since the Court expressly invited the "defendant [to] renew his motion" by "provid[ing] authority that justifies sealing the document" (Minute Order (June 8, 2022)), the defendant has

waited 26 days (and counting) to renew his objection.[1] █████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████

      Regardless, even the defendant's prolonged failure to properly object should not be

dispositive of the sealing question. ████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████ Because *Hubbard* is ultimately a balancing test – not a checklist – this Court likely has

discretion to find the defendant's failure to object outweighed by the competing *Hubbard* factors.

      In sum, *if* the defendant in fact renews his motion to seal ████████████████

██████████████████████████ , and *if* the Court concludes that ████████████

██████████ should have been sealed from the beginning, the fact that the information was publicly

---



available on the court's public docket for the last several weeks, without appropriate objection by

the defendant, does not deprive the Court of authority to enter a sealing order now.[3]

**Request for Sealing this Statement**

 the government respectfully suggests that this Statement should be filed

under seal without notice on the public docket, at least provisionally. The government stands

ready to file a notice of this filing in the public docket if the Court deems it appropriate.



6

June 29, 2022                           Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        UNITED STATES ATTORNEY
                                        D.C. Bar No. 481052

                            By:         */s/ Francesco Valentini*
                                        Francesco Valentini
                                        D.C. Bar No. 986769
                                        Trial Attorney
                                        United States Department of Justice, Criminal Division
                                        Detailed to the D.C. United States Attorney's Office
                                        601 D Street NW
                                        Washington, D.C. 20530
                                        (202) 598-2337
                                        francesco.valentini@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that, on June 29, 2022, an electronic copy of the foregoing was served on counsel

for the defendant by emailing it to the email address that counsel for the defendant registered with

the Court's ECF system:

Steven Alan Metcalf , II
Metcalf & Metcalf, P.C.
99 Park Avenue 6th Floor
New York, NY 10016
fedcases@metcalflawnyc.com
Tel.: (646) 253-0514
Fax: (646) 219-2012


June 29, 2022                                    /s/ Francesco Valentini
                                                 Francesco Valentini