# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-225 (DLF) |
| v. : | |
| : | |
| TRENISS JEWELL EVANS III, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S VIDEO SUBMISSION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's submission of video materials on September 16, 2022.

At the September 13, 2022 hearing, the defendant asked for permission to submit a video exhibit regarding the defendant's post-January 6 activities. The Court granted the defendant's request and continued the sentencing proceedings. On September 16, 2022, the defendant submitted a video, approximately 41 minutes and 37 second in length, that compiles, for the most part, statements made by the defendant (and a few others) in media appearances and other public-speaking engagements since January 6.

As explained in more detail below, far from supporting a more lenient sentence, the defendant's video exhibit confirms that, to this day, the defendant has failed to display any genuine remorse for his conduct on January 6. At most, some of the snippets cherry-picked in the defendant's exhibit suggest that, on occasion, the defendant has paid lip service to the fact that, by breaching the U.S. Capitol on January 6, 2021, he committed a federal criminal offense. But the defendant's exhibit omits troubling statements the defendant made, in some cases, during the same speaking engagements that the defendant now offers as mitigating evidence. Furthermore, even

in the snippets hand-picked by the defendant, he continues to downplay the violent nature of the January 6 attack; continues to shift blame to the officers who defended the Capitol; continues to falsely paint the rioters as victims; and continues to glorify the prospect of political violence. Other statements made by the defendant on social media and in his public appearances—including as recently as this month—support the same conclusion: the defendant has shown no genuine remorse for what he did on January 6. He has not learned from his mistakes. A substantial prison sentence remains both necessary and appropriate.

*First*, the video's selective editing paints an incomplete picture of the defendant's purported remorse for his conduct on January 6. Consider, for example, the snippet from "Section 2" of the video (entitled "The New American"), where the defendant is recorded saying: "I am guilty of being part of a protest. I chose to go into that building. Okay. What is the penalty for that?" Def. Ex., at 3:48 – 3:53. Whatever may be said of that statement, the defendant's very next words—which are omitted from his compilation video—affirmatively refute any inference of remorse:

> And then I guess there is a lot of people, and I have this asked to me all the time. They say, wait a minute, they stole the election. And there is more evidence emerging of this all the time of this, right? There was a stolen election. And you stood up against a stolen election. *Where do your rights end for standing against a stolen election?* And I have always said this: I believe, if our legislative branches, our judicial branches hadn't failed us like they did – it was an abhorrent failure – had they not had failed us, and the FBI would have done its job, there wouldn't have been anyone there because they would have rolled this out, answered the questions to the American people, like we have done … over time, and there wouldn't have been anything to concern themselves with, and for an individual American to concern themselves with because we could have trusted that something happened and it was resolved, and we moved on with our lives. *It was the failure to resolve the matter that caused that*.

Case 1:21-cr-00225-DLF   Document 65   Filed 09/28/22   Page 3 of 9

https://rumble.com/vwc5tn-j6-protester-describes-the-event-and-assists-americas-political-prisoners.html (at 8:03 – 8:51) (emphasis added).  The upshot is clear: despite paying lip service to his criminal responsibility for unlawfully entering and remaining on restricted grounds, the defendant still maintains that what is *really* to blame for the January 6 riot is some perceived flaw in the electoral process—not the choices of the rioters such as the defendant himself.

Section 13 of the defendant's video—comprised of portions of the defendant's statements at a "Rock the Red Tour" in June 2022 (Def. Ex., at 29:44 – 31:30)—provides another revealing example.  In one snippet, the defendant is recorded saying,

> I do not celebrate the events of January 6.  I respect our courts.  I respect our law and order, and I respect the Constitution and the institutions for which each of those things stand.  And I am not saying that people don't need to go through the criminal justice system for their actions that day.  Some people, many people need to see the criminal justice system.  But can we all agree that the criminal justice system should be fair, equitable?  Does it seem as though the criminal justice system is fair and equitable now?

*Id.* at 30:58 – 31:33.  But the full video, available at https://condemnedusa.org/?p=4737, reflects a much different apportionment of responsibilities.  In the full video, the defendant repeats incendiary accusations that a rioter who died on January 6 was an "innocent" person who was "beaten to death" by the police "on the Capitol steps."  *Id.* at 6:10 – 6:30.  He declares that he "certainly wouldn't be ashamed to be a member of the Proud Boys, I'll tell you that."  *Id.* at 17:40 – 17:45.  He claims that "[t]he Capitol Police started January 6.  They brought violence to the picture."  *Id.* at 21:10 – 21:22.  And he goes as far as stating, "I want to be very clear: Rosanne Boyland [a rioter who died on January 6] was murdered by the Capitol Police on January the 6th," *id.* at 26:21 – 26:31, and "Ashli Babbit [was] shot, murdered in cold blood by" a Capitol Police officer, *id.* at 28:27 – 28:40.

3

*Second*, even on their face, the video clips submitted by the defendant are replete with statements that foreclose any finding that the defendant is genuinely remorseful. A few examples illustrate the point. In one segment, the defendant appears to rationalize—or at least condone—political violence:

> [T]here was a time when political violence would have been something that I just couldn't stomach, and I didn't care who was happening to. I would have run to your defense. I mean, I would have come running. If I saw anyone attacking anyone on political violence, or because of their political ideology, I would have run there to stop it. I would have put myself in harm's way. *And I'm telling you what: right about now, I think I would be looking for pop corn and a Coke instead of my rifle to come save your sorry asses*.

Def. Ex., at 8:40 – 9:07 (emphasis added). In another snippet, the defendant describes his "lead[ing] the National Anthem over the balcony to the crowd … over megaphone"—all of it in the context of the mob's takeover of the Capitol on January 6—as "awesome" and "cool." *Id.* at 17:00 – 17:38. At another point, he foretells imprisonment for his political opponents,

> Let me tell you, Nancy Pelosi: Justice will come for you. You will not be shielded by your congressional immunity. Justice will come for you in the legal sense through the courts. This is going to come out. All scandals always come out. …
>
> …
>
> You're not going to the Congressional prison, where you are going … to be mowing the football field … You are going to go to these GITMOs, and we are going to see to it.

*Id.* at 23:15 – 25:30. The fact that the defendant believes that statements such as these might somehow mitigate his culpability at sentencing only underscores that he does not understand the gravity of his actions.

*Third*, even a cursory review of the defendant's social media postings dispels what little remorse one could possibly infer from the video exhibit. The Court is already aware of the

4

troubling statements the defendant made up until the government's sentencing submission in May 2022. The Court is also already aware that, shortly after the government filed its sentencing memorandum, the defendant began publicly attacking the prosecutors handling his case:[1]



Regrettably, the defendant's incendiary rhetoric and attacks have only escalated in recent months. A few examples are again illustrative. On June 30, the defendant began promoting a documentary that promised to shift blame for January 6 on law enforcement and anyone but the rioters:[2]

---

[1]   https://gettr.com/post/p1blt94f8be (last visited September 26, 2022).
[2]   https://gettr.com/post/p1gfv7je1e2 (last visited September 26, 2022).



In a posting dated August 20, the defendant then trivialized the rioters' violence on January 6, 2021 as "some people with plastic flag poles show[ing] up to complain about THE STOLEN 2020 ELECTIONS."[3]  More recently, on September 8, he dismissed the transfer of powers that took place in January 2021 as "an installation" and as a "belligerent occupation of our Whitehouse" by a "traitorous regime," which he likened to the Nazis:[4]

---

[3] https://gettr.com/post/p1nfnosa79c (last visited September 26, 2022).
[4] https://gettr.com/post/p1q49fya6d2 (last visited September 26, 2022).



Finally, as recently as September 18, the defendant likened the treatment of January 6 defendants to the horrors of the Nazi regime, via a reference to Martin Niemöller:[5]

---

[5] https://gettr.com/post/p1r9lc119e4 (last visited September 26, 2022).



In sum, despite the occasional lip service to accepting responsibility, the defendant's video exhibit confirms that he has no genuine remorse for the riot he helped fuel on January 6, 2021. A 60-day prison sentence, followed by supervised release, remains appropriate in this case. It would protect the community, promote respect for the law, and deter future crime, but is no longer than necessary.

September 28, 2022                           Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052

By:   */s/ Francesco Valentini*
       Francesco Valentini
       D.C. Bar No. 986769
       Trial Attorney
       United States Department of Justice, Criminal Division
       Detailed to the D.C. United States Attorney's Office
       601 D Street NW
       Washington, D.C. 20530
       (202) 598-2337
       francesco.valentini@usdoj.gov