UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-225 (DLF) |
| v. : | |
| : | |
| TRENISS JEWELL EVANS III, : | |
| : | |
| Defendant. : | |

**STATUS REPORT REGARDING INTERMITTENT CONFINEMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this status report in response to the Order issued by this Court on January 26, 2023, directing the government to state its position regarding the availability of intermittent confinement. As explained below, intermittent confinement is legally available as a condition of probation, and the Bureau of Prisons (BOP) has a process in place to implement it. The issue in this case appears to have arisen as a result of a misunderstanding of the BOP's designation process and how it is initiated. We expect that, with the BOP's process now clarified, similar issues should not recur.

1. Two settled legal principles inform the question presented. *First*, in 18 U.S.C. § 3563, Congress expressly set out that a sentencing court may impose, as a discretionary condition of probation, a requirement that a defendant

> remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release.

18 U.S.C. § 3563(b)(10). Congress enacted this provision to give sentencing courts "flexibility" to impose incarceration as a condition of probation. S. Rep. No. 225, 1983 WL 25404, at *98.

Although the statute does not define the phrase "interval[] of time," the limited case law exploring the point suggests that "'brief period[s]'" of no more than a "'week or two'" at a time come within that definition.  *United States v. Mize*, No. 97-40059, 1998 WL 160862, at *2 (D. Kan. Mar. 18, 1998) (quoting Section 3563(b)(10)'s legislative history described above and reversing magistrate's sentence that included 30-day period of confinement as a condition of probation); *cf. United States v. Baca*, No. 11-cr-1, 2011 WL 1045104, at *2 (C.D. Cal. Mar. 18, 2011) (concluding that two 45-day periods of continuous incarceration as a condition of probation was inconsistent with Section 3563(b)(10)); *United States v. Anderson*, 787 F. Supp. 537, 538 (D. Md. 1992) (continuous 60-day incarceration not appropriate as a condition of probation); *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999) ("[S]ix months is not the intermittent incarceration that this statute permits.").  Consistent with Section 3563(b)(10), the Sentencing Guidelines explain that "[i]ntermittent confinement may be imposed as a condition of probation during the first year of probation."  U.S.S.G. § 5F1.8.[1]  In short, sentencing courts may plainly impose intermittent confinement as a discretionary condition of probation at sentencing.

*Second*, pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of ... imprisonment" of any person committed to BOP custody.  In making that designation, the BOP is required to take into account various factors, including "bed availability," the BOP's security and other concerns, and the sentencing court's non-binding recommendation.  *Id.*  Taking those factors

---

[1] In contrast, intermittent confinement may not be imposed as part of a straight sentence of imprisonment.  Section 3621(a), which governs the commitment of inmates sentenced to a term of imprisonment, provides that any "person who has been sentenced to a term of imprisonment … shall be committed to the custody of the Bureau of Prisons *until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624*."  18 U.S.C. § 3621(a) (emphasis added).  Intermittent confinement may also be imposed following a violation of a condition of supervised release, but "only when facilities are available."  18 U.S.C. § 3583(d).

into account, the BOP must also "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence." *Id.*  Once the BOP has made its determination, however, its "designation of [the] place of imprisonment … is not reviewable by any court" "notwithstanding any other provision of law." *Id.*

2.      Consistent with these twin principles (*i.e.*, the availability of intermittent confinement as a condition of probation and BOP's unreviewable discretion in finding and designating places of incarceration), BOP has set up a process to assign defendants subject to intermittent-confinement conditions to appropriate facilities.  The BOP has informed our office that, when intermittent confinement is imposed as a condition of probation or as condition of supervised release for the violation of a previously imposed term of supervised release, the United States Probation Office should contact the BOP's Designation and Sentence Computation Center (DSCC).  The DSCC, in turn, will contact the appropriate Residential Reentry Management (RRM) office within the BOP, which is responsible for finding a facility to implement the order. If a bed is not available locally, then the RRM will notify the DSCC, which classifies and designates the defendant to the nearest Federal Detention Center with available bedspace.  The nearest available bedspace may not be in close proximity of the defendant's release residence.

3.      The issue in this case appears to have arisen because the United States Probation Office, which did not have the benefit of the explanation reflected in this filing, understandably attempted to find a suitable BOP institution by contacting local BOP institutions directly.  As we have now clarified, requests for placement regarding intermittent confinement as a condition of probation should be initially directed to the DSCC, which will then initiate the process of placement.  Consistent with this process, the BOP has advised our office that, once the DSCC

receives a request for the defendant's placement, the documents will be reviewed, and the BOP will find a facility to implement the defendant's intermittent-confinement condition of probation. The BOP cannot guarantee that the facility will be in Texas.

February 8, 2023                    Respectfully submitted,

                                    MATTHEW M. GRAVES
                                    UNITED STATES ATTORNEY
                                    D.C. Bar No. 481052

                        By:    */s/ Francesco Valentini*
                                    Francesco Valentini
                                    D.C. Bar No. 986769
                                    Trial Attorney
                                    United States Department of Justice, Criminal Division
                                    Detailed to the D.C. United States Attorney's Office
                                    601 D Street NW
                                    Washington, D.C. 20530
                                    (202) 598-2337
                                    francesco.valentini@usdoj.gov