In the United States District Court
For the District of Columbia

_____
                                           )
UNITED STATES OF AMERICA,     )
                                           )
    *v.*                                   )   Case No. 1:21-cr-00225 (DLF)
                                           )
TRENISS JEWELL EVANS III,      )
                                           )
    *Defendant*.                       )
_____)

### DEFENDANT EVANS MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE OR FEDERAL PROBATION

Defendant, TRENISS JEWELL EVANS III, by and through his undersigned counsel, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 3-year term (36 months) of supervised release or probation began on November 21, 2022.

Mr. Evans has already completed more than 22 months of his supervisory term, which is more than half. Mr. Evans is being supervised in the Western District of Texas, where he works and resides with his wife and their three children.

Prior to filing this petition, defense counsel provided the instant application to Evans, who in turn provided our request to his supervising probation officer. The undersigned then provided the government with the U.S. Probation officer's position. (*See* **Exhibit A**, Officer Ramirez Letter dated September 3, 2024). Throughout his time on supervision, Evans's probation officer has indicated that Mr.

Evans is in full compliance in all areas of supervision, including fulling paying his $5,000.00 (Five Thousand Dollar) fine, $500.00 (Five Hundred Dollar) restitution obligation, and $25.00 (Twenty-five dollar) special assessment. Mr. Evans also completed his 20 (twenty) days of intermittent incarceration.

Specifically, Officer Rameriz stated that "Mr. Evans has been a role model offender and has completed all the special conditions of supervised release." (*See* **Exhibit A**, Officer Ramirez Letter dated September 3, 2024). Further, Officer Rameriz highlighted that "Mr. Evans is very proactive in probation and makes regular communications with his . . . Officer. Mr. Evans has been consistent with and beyond expectations regarding his probation." (*See* **Exhibit A**, Officer Ramirez Letter dated September 3, 2024). In light of Mr. Evans's behavior and smooth interactions with probation, his officer does not seem to oppose this petition. A.U.S.A. Valentini does however oppose this application.

Alternatively, Mr. Evans respectfully requests that this Honorable Court order the immediate return of his passport from Probation. The return of his passport is essential for Mr. Evans to fully resume his personal and professional activities, including potential travel related to his educational and advocacy endeavors.

Dated: September 13, 2024

                                          Respectfully Submitted,

                                          */s/ **Steven A. Metcalf II, Esq.***

                                          _____

                                          STEVEN A. METCALF II, ESQ.
                                          **Metcalf & Metcalf, P.C.**
                                          *Attorneys for Evans*
                                          99 Park Avenue, Suite 810
                                          New York, NY 10016
                                          *Phone* 646.253.0514
                                          *Fax* 646.219.2012
                                          metcalflawnyc@gmail.com

United States District Court
For the District of Columbia

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    *v*.                            )   Case No. 1:21-cr-00225 (DLF)
                                    )
TRENISS JEWELL EVANS III,           )
                                    )
    *Defendant*.                    )
_____ )

## DEFENDANT EVANS'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

COMES NOW, Treniss Evans, by and through undersigned counsel, and respectfully moves this Honorable Court for early termination of probation imposed on him as a result of his conviction in the above-captioned case. In support of this motion, Defendant states as follows:

**I. BACKGROUND**

1. After pleading guilty to Count Two, on November 21, 2022, Mr. Evans was "sentenced to thirty-six (36) months of probation with twenty (20) days of intermittent incarceration, $5000 fine, $500 restitution and $25 special assessment. Bond Status of Defendant: Personal Recognizance." (*See* Minute Entry for Sentencing, 11/21/2022).

2.  Mr. Evans was convicted of a misdemeanor and took no part in, and stood firmly against, property destruction, theft, looting, and violence on January 6th.

3.  Since his sentencing, Mr. Evans has complied fully with all the conditions of his supervised release and has demonstrated significant rehabilitation and community engagement.

## II.  COMPLIANCE WITH SUPERVISED RELEASE CONDITIONS

4.  Mr. Evans has adhered to all conditions set forth by the Court, including regular check-ins with his probation officer. Officer Ramirez describes that "Mr. Evans has been consistent with and beyond expectations regarding his probation." (*See* **Exhibit A**, Officer Ramirez Letter dated September 3, 2024).

5.  Mr. Evans has maintained steady employment and has had no further incidents or infractions during the period of his supervised release.

6.  Mr. Evans has completed all financial obligations, fulfilled all terms of imprisonment. Since his arrest in 2021, Evans has been on a form of supervision for three (3) years and four (4) months without incident and perfect reports to meet all conditions. Over 21 months have passed, where Evans has been under supervised release.

7.  The probation office has additionally moved Mr. Evans to the lowest form of probation based on his exemplary and perfect record.

### III. APPLICABLE LAW

8. Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

9. No hearing is requested for this type of petition.

10. Further, Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release.

11. The Judicial Conference has identified the following criteria to assess eligibility for early termination: Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

> (1) stable community reintegration (e.g., residence, family, employment);
> (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision;
> (3) no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> (4) no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

    (5)    no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
    (6)    no recent evidence of alcohol or drug abuse;
    (7)    no recent psychiatric episodes;
    (8)    no identifiable risk to the safety of any identifiable victim; and
    (9)    no identifiable risk to public safety based on the Risk Prediction Index (RPI).

GUIDE TO JUDICIARY POLICY, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

    12.    Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." *Id.* at § 380.10(g).

    13.    Early termination of supervised release is appropriate and should be encouraged, in the interest of reducing expenditures for probation and pretrial services programs. Terminating appropriate cases before their full term reserves resources, while allowing probation officers to focus on offenders who continue to pose a danger to the community or are at a higher risk of recidivism. Offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy

standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id.*

14. Treniss Evans meets all of the above criteria, and is a model citizen amongst those Evans's probation officer deals with on a daily basis. In an area such as the middle of Texas, I am sure that probation officers want to dedicate their time and energy to real career criminals, especially those involved with gangs such as MS-13, and the drug cartels.

### IV. REHABILITATION AND COMMUNITY ENGAGEMENT

15. Mr. Evans has taken substantial steps towards rehabilitation, drawing from his experiences to educate and guide others. His contributions to his community and efforts to rectify his actions demonstrate his commitment to positive change and responsible citizenship.

16. Mr. Evans had a perfect record of public conduct prior to January 6th and made the error of entering the Capitol, for which he took full responsibility before this Honorable Court.

17. Mr. Evans has continued his political activism in a way that is beyond reproach. He has become a student of the law and founded a legal advocacy group. He recognizes that his fights are in the courts and wishes to continue assisting others through that advocacy.

18. Mr. Evans has recognized the power of his voice in legislative and legal actions and humbly submits that he was wrong in his street-level activism.

19. Mr. Evans also assures this Court his actions in any public forum in the future would be to protect others from his previous missteps by acting out of an abundance of caution and a much wiser voice if ever in the midst of a turbulent situation.

20. Mr. Evans seeks to continue his legal journey unrestricted by probation and enabling him to further his education. Mr. Evans is discussing law school and would be a more eligible candidate if he is not on probation.

21. Mr. Evans requests the Court to recognize his respect for the Court during appearances by being honest, even when he knew the Court would likely disagree with his positions. That same honesty is conveyed in this request.

22. As expressed in his most recent filing, Mr. Evans has been subjected to treatment that was inconsistent with the law by government agencies while on probation. Mr. Evans came forward to notify the Court of those actions, and the government has yet to disclose the findings of the investigation, which was told to this Court was launched some fourteen months prior to the date of this request.

23. It is indisputable that Mr. Evans has located an outlet for his activism beyond the expectation of a defendant.

Page 9 of 13
Evans Motion for Early Termination of Probation

24. Mr. Evans wishes to remind this Court that while he described his own actions as his life's greatest mistake and inexcusable for entering the Capitol, he was helping police the majority of the time and serving to cool the crowd to the point that officers thanked him, shook his hand, fist-bumped him, patted him on the back, and verbally thanked him for his actions.

## V. INTERESTS OF JUSTICE

25. Early termination of Mr. Evans' supervised release will not only recognize his compliance and rehabilitation, but also enable him to further contribute to society without the constraints of supervision.

26. This action would serve as a testament to the effectiveness of the criminal justice system in rehabilitating offenders and fostering positive community involvement.

27. Additionally, it would allow Mr. Evans to pursue further education and legal studies, thereby enhancing his ability to contribute to the legal field and support others through his advocacy work.

28. Mr. Evans requests that any questions this Court may have about his conduct be satisfied through inquiries to the United States Probation Office supervising authority in the Western District of Texas.

## VI. ALTERNATIVELY, IT IS RESPECTFULLY REQUESTED THAT MR. EVANS'S PASSPORT BE IMMEDIATELY RETURNED

29. Mr. Evans respectfully requests that this Honorable Court order the immediate return of his passport from the Probation/Pretrial Services.

30. The return of his passport is essential for Mr. Evans to fully resume his personal and professional activities, including potential travel related to his educational and advocacy endeavors.

## VII. CONCLUSION

31. Terminating Mr. Evans's supervised release would enable him to better support his family financially. He can travel more frequently, engage in speaking and network events, without issue.

32. His experience in the system, as a result of January 6th, has changed him profoundly and set him on the stable path of legal advocacy that he is on today.

33. While the Court is often called upon to impose serious consequences for defendants who violate supervised release – Mr. Evans has made it his mission to be the polar opposite. He has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a valued worker, family member, and citizen.

34. His offense did not include an aggravated role, violence, or weapons. There is no evidence that he is abusing alcohol or controlled substances. He has no psychiatric issues.

35. Rather, he enjoys the support of his community, and love of his family. He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

36. Given Mr. Evans's commendable behavior after his sentencing, his performance on supervised release, and ongoing commitment to community service and rehabilitation, it is in the interests of justice that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

**WHEREFORE**, for the reasons stated above, Defendant Treniss Evans respectfully requests that this Honorable Court grant his motion for early termination of his probation, and order the immediate return of his passport.

Dated: New York, New York
September 13, 2024

Respectfully Submitted,

*/s/ Steven Alan Metcalf*

_____
STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, Suite 810
New York, NY 10016
(*Office*) 646.253.0514
(*Fax*) 646.219.2012
*Counsel for Defendant Treniss Jewell Evans III*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 13, 2024, this motion was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

.

/s/ *Steven Alan Metcalf II*

_____

STEVEN A. METCALF II, ESQ.
*Counsel for Defendant Treniss Jewell Evans III*